| | |
|---|---|
| 1 | Vanessa R. Waldref |
| | United States Attorney |
| 2 | Eastern District of Washington |
| 3 | Michael J. Ellis |
| | Assistant United States Attorney |
| 4 | Post Office Box 1494 |
| 5 | Spokane, WA 99210-1494 |
| | Telephone: (509) 353-2767 |

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | Case No. 2:21-CR-00091-TOR-1 |
| v. | Government's Objections to Draft Presentence Investigation Report |
| ANTOINNE JAMES HOLMES, | |
| Defendant. | |

Plaintiff, United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, and Michael J. Ellis, Assistant United States Attorney for the Eastern District of Washington, submits the following objections to the draft Presentence Investigation Report, ECF No. 88, filed on May 25, 2022.

The draft Presentence Investigation Report states that there are no "identifiable victims" of the Defendant's offense. *See id.* at ¶¶ 39, 140, 141. The Government disagrees. As noted in the draft Presentence Investigation Report, at least three people were directly harmed by the Defendant's conduct: G.D. – who died of an overdose after the Defendant distributed pills containing Fentanyl to him, *see id.* at ¶¶ 15–19, C.A. – a toddler who overdosed after the Defendant distributed pills containing Fentanyl to co-defendant Reigan Allen and the couple smoked the pills in the child's presence, *see id.* at ¶ 20, and D.K. – a person to whom the Defendant distributed pills

Government's Objections to Draft Presentence Investigation Report - 1

containing Fentanyl, thereby furthering D.K.'s addiction, who later died of a drug overdose. *See id.* at ¶¶ 30, 35–37.

Under the Crime Victims' Rights Act, a "crime victim" is defined as "a person directly and proximately harmed as a result of the commission of a Federal offense." 18 U.S.C. § 3771(e)(2)(A). Further, under the Mandatory Victims Restitution Act, a "victim" is defined as "a person directly and proximately harmed as a result of the commission of an offense for which restitution can be ordered including, in the case of an offense that involves as an element a scheme, conspiracy, or pattern of criminal activity, any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern." 18 U.S.C. § 3663A(a)(2).

The above three individuals – G.D., C.A., and D.K. – all meet the above standards: none of the three would have been harmed but for the Defendant's drug distribution conspiracy. G.D. would be alive, C.A. would not have suffered the potential lifelong consequences of experiencing a drug overdose while a toddler, and D.K. may not have overdosed had the Defendant not facilitated his addiction. All were accordingly "harmed as a result" of the Defendant's Fentanyl distribution conspiracy. The Defendant does not dispute the above, having agreed in the Plea Agreement that "at a minimum, C.A. and D.K. qualify as victims to whom restitution is owed." *See* ECF No. 80 at 9.

As such, the Government requests that the Presentence Investigation Report be amended at Paragraphs 39, 140 and 141 to note that G.D., C.A., and D.K. are all "identifiable victims" of the Defendant's offense.

Dated: June 8, 2022.

                                        Vanessa R. Waldref
                                        United States Attorney

                                        *s/Michael J. Ellis*
                                        Michael J. Ellis
                                        Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on June 8, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Douglas D. Phelps

            *s/ Michael J. Ellis*
            Michael J. Ellis
            Assistant United States Attorney