Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Michael J. Ellis
Assistant United States Attorney
Post Office Box 1494
Spokane, Washington 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

Plaintiff,

v.

ANTOINNE JAMES HOLMES,

Defendant.

Case No. 2:21-CR-00091-TOR-1

GOVERNMENT'S SENTENCING
MEMORANDUM

Plaintiff, United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, and Michael J. Ellis, Assistant United States Attorney for the Eastern District of Washington, submits the following sentencing memorandum.

## I. BACKGROUND

The Government agrees with the Offense Conduct summary outlined in paragraphs nine through thirty-eight of the draft Presentence Investigation Report. *See* ECF No. 88 at ¶¶ 9–38. Prior to his arrest, the Defendant was a prolific fentanyl dealer in Eastern Washington and Idaho. During the conspiracy, a sixteen-year-old teenager died of a fentanyl overdose following a transaction with the Defendant in Idaho. *See id.* at ¶¶ 15–19. Further, co-defendant Allen's then-five-month-old infant overdosed on fentanyl (but survived) after the Defendant and co-defendant Allen used fentanyl laced pills in the child's presence. *See id.* at ¶ 20. Finally, another individual – D.K. –

to whom the Defendant distributed fentanyl laced pills died of an overdose, at a minimum demonstrating that, even if the Government is unable to prove that the Defendant distributed the dose that caused D.K.'s overdose, the Defendant's conduct facilitated other individual's addictions resulting in additional death and misery throughout Eastern Washington and Idaho.

## II.     RESPONSE TO DEFENDANT'S OBJECTIONS TO DRAFT PSIR

The Defendant raises a number of objections to the draft Presentence Investigation Report. *See* ECF No. 89. The Defendant's objections primarily concern tangential factual matters and should be overruled. *See* Fed. R. Crim. P. 32(i)(3)(B). (noting that the Court can overrule objections if the Court "determine(s) that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing").

While the Government acknowledges that there is insufficient evidence to prove that the Defendant provided the fentanyl dose that ultimately resulted in D.K.'s death, the Defendant has been identified by numerous sources as D.K.'s fentanyl pill supplier in the weeks preceding D.K.'s death. *See* ECF No. 88 at ¶¶ 36–37. The Defendant's distribution to D.K. is accordingly relevant to the Defendant's overall participation in the fentanyl distribution conspiracy. The information concerning D.K.'s death also provides a tragic example of the larger harms of drug trafficking – by distributing these dangerous pills throughout Eastern Washington and Idaho, the Defendant left a path of death and misery in his wake. D.K.'s overdose stands as a concrete example of the community harms associated with drug trafficking – the Defendant facilitated D.K.'s addiction and, even if evidence cannot conclusively link the Defendant to the pill that caused D.K.'s overdose, the Defendant still bears responsibility for his death.

///

///

///

### III. SENTENCING CALCULATIONS

#### A. Base Offense Level & Enhancements

The Government agrees that the Defendant's base offense level is thirty-eight (38), and that the base offense level is increased by two (2) levels as a firearm was possessed in connection with the drug trafficking conspiracy. Further, the Government concurs with the Presentence Investigation Report that the Defendant merits a three (3) level reduction under USSG §3E1.1(a) and (b). Finally, the Government agrees that the Defendant has one (1) criminal history points and a resulting Criminal History Category of I. As such, the Defendant's offense level is thirty-seven (37) for a guideline sentencing range of 210 to 240 months.

### IV. SENTENCING FACTORS UNDER 18 U.S.C. § 3553(a)

In determining the appropriate sentence, this Court should consider the factors as set forth in 18 U.S.C. § 3553(a).

A. <u>The nature and circumstances of the offense and the history and characteristics of the Defendant</u>

The nature and characteristics of the Defendant's conduct warrant a concurrent sentence with the sentence imposed by the United States District Court for the District of Idaho in *United States v. Antoinne James Holmes*, Case No. 2:21-cr-00118-BLW. The Defendant's cases are related – the District of Idaho case involves the Defendant's distribution of fentanyl laced pills to G.D., a sixteen-year-old teenager, who subsequently overdosed on fentanyl.

The fentanyl distribution conspiracy engaged in by the Defendant was extremely harmful to communities in Eastern Washington and Idaho, facilitating the spread of noxious, dangerous fentanyl pills to people through Spokane, Pend Oreille, and Bonner Counties. At least one person – G.D. – is known to have died as a direct result of fentanyl distributed during the conspiracy and another – D.K. – died of a fentanyl overdose after being supplied in the past by the Defendant. The Defendant also used fentanyl in the presence of co-defendant Allen's five-month-old child – the

child overdosed but survived. The severity of the Defendant's conduct merits a significant consequence.

The victim impact statements filed along with this memorandum demonstrate the harm fentanyl distribution inflicts on the community. Lives are lost, which leaves countless others in mourning and weighed down by the memories of family members taken far too early. Compounding the tragic nature of the fentanyl epidemic is the youth of many victims – D.K. was a young man while G.D. was a teenager. Both could have lived long, productive, happy lives had the Defendant not engaged in distribution. C.A. – who fortunately was revived – was only five-months-old; a baby who was put in harm's way as a result of the Defendant's conduct. The extremely irresponsible and careless nature of the Defendant's behavior demonstrates the danger he poses to the community and justifies a lengthy sentence of incarceration.

The Government also requests that the Court impose a five (5) year term of supervised release.

B. <u>The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment</u>

For the reasons discussed above, the Government asks that the Court sentence the Defendant to a concurrent sentence with the Defendant's sentence in the District of Idaho. Considering the nature of the offense and the Defendant's history, a concurrent sentence is appropriate to reflect the seriousness of the conduct, promote respect for the law, and provide just punishment.

The Government also asks that the Court order a five (5) year term of supervised release.

C. <u>The need for the sentence imposed to afford adequate deterrence to criminal conduct</u>

As discussed above, a concurrent sentence with the District of Idaho followed by a five year term of supervised release will deter future drug trafficking activity by the Defendant.

**D.** <u>The need for the sentence imposed to protect the public from further crimes of the Defendant</u>

As discussed above, a concurrent sentence with the District of Idaho followed by a five year term of supervised release will protect the public from future criminal activity by the Defendant.

**E.** <u>The need for the sentence imposed to provide the Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner</u>

The Defendant has expressed interest in vocational training while incarcerated with the Bureau of Prisons. Further, the Defendant's term of supervised release could provide the Defendant with tools to prevent his addiction from causing more criminal behavior.

**F.** <u>The kinds of sentences available</u>

The Court may sentence the Defendant to up to twenty years imprisonment, a fine of up to $1,000,000, and between three years and a life term of supervised release.

**G.** <u>The kind of sentence contemplated by the Sentencing Guidelines</u>

The Sentencing Guidelines contemplate a term of imprisonment.

**H.** <u>Any pertinent policy statements issued by the Sentencing Commission</u>

There are no pertinent policy statements in this case.

**I.** <u>The need to avoid unwarranted sentence disparity among defendants with similar records who have been found guilty of similar conduct</u>

A sentence within the advisory guideline range would avoid unwarranted sentence disparities.

**J.** <u>The need to provide restitution to any victims of the offense</u>

No restitution has been requested by any victim in this matter.

///

## V.     GOVERNMENT'S SENTENCING RECOMMENDATION

As discussed above, the Government recommends that the Court impose a concurrent sentence with the District of Idaho followed by a five year term of supervised release with the conditions outlined in the draft Presentence Investigation Report. *See* ECF No. 88 at 26–30. Such a sentence is sufficient, but not greater than necessary, to accomplish the purposes outlined in 18 U.S.C. § 3553(a).

Dated:   July 27, 2022.

Vanessa R. Waldref
United States Attorney

*s/Michael J. Ellis*
Michael J. Ellis
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on July 28, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Douglas D. Phelps

*s/ Michael J. Ellis*
Michael J. Ellis
Assistant United States Attorney